IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JORDAN POPP**, on behalf of herself and all others similarly situated, | ) ) ) Case No. |
| Plaintiff, | ) ) **CLASS AND COLLECTIVE ACTION** |
| vs. | ) **COMPLAINT** ) ) **JURY DEMAND ENDORSED HEREON** |
| **BREWDOG BREWING COMPANY LLC**, | ) ) ) |
| Defendant. | ) |

Plaintiff Jordan Popp ("Plaintiff"), on behalf of herself and all others similarly situated, for her collective and class action Complaint against Defendant Brewdog Brewing Company LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA") and Article II § 34a of the Ohio Constitution.

2. Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "Collective").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of other similarly situated persons who have factually related claims under the Ohio Constitution (the "Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the Ohio Constitution because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is domiciled in this District.

7. This Court has personal jurisdiction over Defendant because Defendant transacts business in this state.

## PARTIES

8. Plaintiff is an adult individual residing within Ohio.

9. At all relevant times, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and the Ohio Constitution.

10. Defendant is an Ohio for-profit limited liability company.

11. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and the Ohio Constitution.

12. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

13. At all relevant times, Plaintiff, the Collective, and the Class were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

14. Defendant owns and operates a chain of approximately six restaurants in Ohio operating under the trade name BrewDog.

15. Defendant employs Servers to provide services to its restaurant patrons.

2

16. Plaintiff was employed as a server by Defendant from approximately May 2022 to August 2022. Members of the Collective and Class were employed as Servers by Defendant within the last three years.

17. Defendant pays its Servers, including Plaintiff, the Collective, and the Class, at an hourly rate below minimum wage. By paying its Servers less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows Defendant to count a portion of the amount Servers receive as tips towards Defendant's obligation to pay tipped employees a minimum wage.

18. However, Defendant maintained a policy or practice whereby Servers were required, during their regular shifts, to perform non-tip producing "side work" unrelated to the Servers' tipped occupation, as well as non-tip producing side work related to the Servers' tipped occupation.

19. Specifically, Defendant maintained a policy or practice whereby Servers were required to spend a substantial amount of time performing non-tip producing side work and opening and closing duties.

20. While Plaintiff, the Collective, and the Class were performing non-tip producing side work and opening and closing duties, Defendant continued to pay them less than minimum wage and relied on the tip credit to meet Defendant's obligation to pay their minimum wage.

21. Defendant's policy or practice of paying Plaintiff, the Collective, and the Class the tipped minimum wage while they were performing non-tip producing work violated the FLSA and Article II § 34a of the Ohio Constitution. As such, Plaintiff, the Collective, and the Class were not compensated appropriately at the required minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

23. The collective that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is also a member, is composed of and defined as follows:

> **All current and former Servers employed by Brewdog Brewing Company LLC who were paid the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter.**

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

25. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of persons employed by Defendant in Ohio within the last three years defined as:

> **All current and former Servers employed by Brewdog Brewing Company LLC in Ohio who were paid the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter.**

27. The Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of more than 100 people.

28. The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

29. Plaintiff's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief which would be sought by each Class member in separate actions.

30. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages.

31. Plaintiff and the Class have all sustained similar types of damages as a result of Defendant's failure to comply with Article II § 34a of the Ohio Constitution.

32. Plaintiff and the Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Class members.

33. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

34. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

35. Plaintiff is represented by attorneys who are experienced and competent in class action litigation and have previously represented many classes in wage and hour litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

37. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

38. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

39. On the other hand, important public interests will be served by addressing the matter as a class action.

40. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

41. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

42. Common questions of law and fact exist as to the Class Members that predominate over any questions only affecting Plaintiff and the Class Members individually and include, but are not limited to, the following:

    (a) Whether Defendant violated Article II § 34a of the Ohio Constitution;

    (b) Whether Defendant paid Plaintiff and the Class Members at the proper minimum wage for all hours worked; and,

    (c) Whether Defendant failed to pay all wages due to Plaintiff and the Class Members within 30 days of their regularly scheduled payday.

## COUNT ONE
### FLSA – Unpaid Minimum Wages
**(Brought on behalf of Plaintiff and the Collective)**

43. Plaintiff, on behalf of herself and the Collective, alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed above.

45. Defendant failed to pay Plaintiff and the Collective the minimum hourly wages to which they are entitled under 29 U.S.C. § 206.

46. Defendant was not eligible to avail itself of the tipped minimum wage rate under the FLSA, because Defendant required Plaintiff and the Collective to perform a substantial amount of dual job duties and side work. During these periods, Defendant compensated Plaintiff and the Collective at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the FLSA.

47. Due to Defendant's violations of the FLSA, Plaintiff and the Collective are entitled to recover from Defendant their unpaid minimum wages, liquidated damages in an amount equal to the unpaid wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees and costs.

### COUNT TWO
### Article II § 34a of the Ohio Constitution – Unpaid Minimum Wages
### (Brought on behalf of Plaintiff and the Class)

48. Plaintiff, on behalf of herself and the Class, alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant has engaged in a widespread pattern, policy, and practice of violating Article II § 34a of the Ohio Constitution, as detailed above.

50. Defendant failed to pay Plaintiff and the Class the minimum hourly wages to which they are entitled under Article II § 34a of the Ohio Constitution.

51. Defendant was not eligible to avail itself of the tipped minimum wage rate under Article II § 34a of the Ohio Constitution because Defendant required Plaintiff and the Class to perform a substantial amount of dual job duties and side work. During these periods, Defendant compensated Plaintiff and the Class at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by Article II § 34a of the Ohio Constitution.

52. Due to Defendant's violations of Article II § 34a of the Ohio Constitution, Plaintiff and Class Members are entitled to recover from Defendant their unpaid minimum wages, and an additional amount equal to two times the amount of the unpaid minimum wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees, and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, pray that this Honorable Court:

A. Direct that Court-approved notice be issued to similarly situated persons pursuant to 29 U.S.C. § 216(b) informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Class, and the Collective;

D. Award Plaintiff, the Class, and the Collective actual damages for unpaid wages;

E. Award Plaintiff and the Collective additional damages in an amount equal to the amount of unpaid wages;

F. Award Plaintiff and the Class additional damages equal to two times the amount of unpaid wages;

G. Award Plaintiff, the Class, and the Collective pre-judgment and post-judgment interest at the statutory rate;

H. Award Plaintiff, the Class, and the Collective attorneys' fees, costs, and disbursements; and

I. Award Plaintiff, the Class, and the Collective further and additional relief as this Court deems just and proper.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone:  (216) 230-2944
Facsimile:  (330) 754-1430
Email: jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher St., N.W., Suite B
North Canton, OH 44720
Telephone:  330-470-4428
Facsimile:  330-754-1430
Email:  hnilges@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Jeffrey J. Moyle*
*Counsel for Plaintiff*